IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FREDERIC PAUL SMITH,<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | CV 16-00087-BLG-SPW-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Frederic Smith has filed an Application to Proceed in District Court without Prepaying Fees or Costs (*ECF 1*) and a proposed Complaint (*ECF 2*). The motion to proceed without prepaying fees will be granted but because the United States has sovereign immunity, this matter should be dismissed for lack of subject matter jurisdiction.

I. **Application to Proceed in District Court without Prepayment of Fees**

Smith has submitted the form application to proceed in district court without prepaying fees or costs. *ECF 1*. The Court finds this application to be sufficient to make the showing required by 28 U.S.C. § 1915(a). Because it appears Smith lacks sufficient funds to prosecute

1

this action, the application to proceed in district court without prepaying fees or costs will be granted.

## II. Screening Pursuant to 28 U.S.C. § 1915

### A. Standard

As Smith is proceeding in forma pauperis, the Court must screen the action under 28 U.S.C. § 1915. This statute requires the Court to review pleadings filed in forma paueris and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . " *Snell v. Cleveland*, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

The United States has sovereign immunity from being sued except when it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act (FTCA) grants a waiver of sovereign immunity in certain cases. 28 U.S.C. § 1346(b). The FTCA generally authorizes suits against the United States for damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . " *See* 28 U.S.C. § 1346(b); *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 535 (1988). However, the FTCA includes a number of exceptions to this broad waiver of sovereign immunity. The exception relevant to this case provides that no liability shall lie for "[a]ny claim arising out of the loss,

miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979); *Anderson v. U.S. Postal Service*, 761 F.2d 527 (9th Cir. 1985).

Smith has sued the Postal Service for losing a sapphire which he placed in the U.S. mail to be delivered to a third party. The United States has immunity for any claim arising from the loss of material placed in the mail. 28 U.S.C. § 2680(b). As such, Smith's claims against the Postal Service for loss of his sapphire are barred by sovereign immunity.

"The question [of] whether the United States has waived its sovereign immunity . . . is . . . a question of subject matter jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Since the United States has not waived its sovereign immunity, the Court lacks subject matter jurisdiction and this matter should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Smith's Motion to Proceed in Forma Pauperis (*ECF 1*) is

granted. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED" and the Complaint is deemed filed on June 20, 2016.

3. At all times during the pendency of this action, Smith shall immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed for lack of jurisdiction. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal

Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of June, 2016.

                                           */s/ Carolyn S. Ostby*
                                           United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.